# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MAGRUDER CONSTRUCTION CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00286 JAR |
| | ) | |
| PHILIP GALI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Magruder Construction Co., Inc.'s motion to dismiss Defendant Gali's second claim for relief in his Counterclaim (Doc. No. 21). The motion is fully briefed and ready for disposition.

**Background**

Magruder filed this action on February 20, 2018, seeking, among other things, a declaration of the rights and obligations of the parties in relation to a Settlement Agreement reached by the parties in December 2014 in <u>Bank of America, N.A. v. Magruder Construction Co., Inc.</u>, Case No. 4:14-CV-809 JAR (E.D. Mo.) (the "BOA Lawsuit"). Both Magruder and Gali were parties to the BOA Lawsuit. Specifically, Magruder seeks a declaration that it has no obligation to pay any deferred compensation, salary, or other benefits to Gali. (Doc. No. 1) Gali contends the Settlement Agreement does not address his benefits under Magruder's deferred compensation plan or his salary and benefits for the period between August 3, 2014 and December 30, 2014. Gali has counterclaimed for $289,490.00 in benefits due under 29 U.S.C. § 1132(a)(1)(B) of ERISA (First Claim for Relief), and $118,725.61 in salary and benefits earned for work he performed for the company between August 11, 2014 and December 30, 2014

(Second Claim for Relief). (Doc. No. 17)  Magruder moves to dismiss Gali's second claim for relief under Federal Rules of Civil Procedure 8 and 12(b)(6) on the grounds that he fails to provide any legal basis for recovery.

**Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show " 'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555).

Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which tests a pleading's legal sufficiency. Rule 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"; however, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555-56. "[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent

with such a right.'" Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

**Discussion**

In his second counterclaim for relief, Gali alleges that Magruder failed to compensate him from August 11, 2014 and December 30, 2014 "despite having a legal obligation to do so." (Doc. No. 17 at ¶ 41) In support of its motion to dismiss, Magruder argues that Gali fails to identify this "legal obligation." More specifically, Gali does not allege any federal or state law that Magruder purportedly violated, or any agreement that Magruder purportedly breached, by refusing to compensate him after the Court-appointed receiver terminated his employment. In short, Gali's second claim for relief does not contain allegations necessary to sustain recovery under some legal theory.

Gali responds that his counterclaim meets federal pleading requirements by alleging that Magruder had an agreement to pay Gali for work; Gali performed the work; and Magruder failed to pay him. He maintains these allegations support theories of recovery based on basic contract principals, quantum meruit, unjust enrichment and Mo. Rev. Stat. § 290.502, which requires Missouri employers to pay their employees a minimum hourly wage.

In reply, Magruder argues that Gali has not alleged any "agreement to pay [Gali] for work" in his counterclaim nor could he because he was terminated "as an employee and officer of [Magruder]" by the Court-appointed receiver in August 2014. Further, Gali released any claim for his alleged interest in Magruder's deferred compensation plan as part of their settlement agreement in the BOA Lawsuit and forfeited any benefits he might have accrued when his employment with Magruder was terminated in August 2014. In addition, because there was no

change in control of Magruder as defined by the Plan, Gali did not become vested in any benefits that he might have accrued.

The basis of Gali's second claim for relief is an unspecified "legal obligation" on the part of Magruder to compensate him for the period between August 11, 2014 and December 30, 2014. No agreement, whether written or oral, is specified or identified. This is not, in the Court's opinion, sufficient to provide Magruder with fair notice of the substance of the claim and the grounds on which it rests. Magruder's motion to dismiss will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Magruder Construction Co., Inc.'s motion to dismiss [21] is **GRANTED.** Defendant Gali's second claim for relief in his Counterclaim is **DISMISSED** without prejudice.

Dated this 10th day of December, 2018.

                                                     **JOHN A. ROSS**
                                                   **UNITED STATES DISTRICT JUDGE**