# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAGRUDER CONSTRUCTION CO., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-00286 JAR |
| PHILIP GALI, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel (Doc. No. 35), Motion for Leave to Amend Counterclaim (Doc. No. 40), and Motion to Exclude Evidence (Doc. No. 44). The motions are fully briefed and ready for disposition.[1] Also before the Court is Plaintiff's Motion to Reset Trial Setting and Amend/Modify Pretrial Deadlines. (Doc. No. 61).

Plaintiff Magruder Construction Co., Inc. ("Magruder") filed this action on February 20, 2018, seeking, among other things, a declaration of the rights and obligations of the parties in relation to a Settlement Agreement reached by the parties in December 2014 in Bank of America, N.A. v. Magruder Construction Co., Inc., Case No. 4:14-CV-809 JAR (E.D. Mo.) (the "BOA Lawsuit"). Both Magruder and Defendant Philip Gali ("Gali") were parties to the BOA Lawsuit. Specifically, Magruder seeks a declaration that it has no obligation to pay any deferred compensation, salary, or other benefits to Gali.

On July 25, 2018, Gali filed a counterclaim asserting two causes of action: benefits due under 29 U.S.C. § 1132(a)(1)(B) of ERISA; and nonpayment of wages and benefits related to

---

[1] Gali filed no reply to Magruder's memorandum in opposition to his motion to compel, and the time for doing so has passed. On June 5, 2019, Magruder filed, with leave of Court, a surreply to Gali's motion for leave to amend. (Doc. Nos. 51, 52).

work he allegedly performed for Magruder between August 11, 2014 and December 30, 2014., On Magruder's motion, the Court dismissed Gali's counterclaim on December 10, 2018 for nonpayment of wages and benefits for failure to provide any legal basis for recovery.

On or about November 20, 2018, Gali propounded written discovery on Magruder. Magruder timely served its responses and objections on December 20, 2018, objecting to a number of discovery requests on the basis of, *inter alia*, relevance.[2] In particular, Magruder

---

[2] Specifically, Magruder objected to Gali's Interrogatory No. 5 and Requests for Production Nos. 2, 7, 8, 9, 12:

**Interrogatory No. 5**
Do you contend that Philip Gali performed no work on behalf of Magruder subsequent to August 11, 2014? If so, please identify all documents, including electronic communication, which directs Mr. Gali to stop or desist working on Magruder's behalf.

**Request No. 2**
Please produce a copy of all correspondence and other documents, including electronic communication, provided to or received from all individuals and/or entities working with, for, or on behalf of Magruder and any individual work [sic] with, for, or on behalf of ATEC, including but not limited to Joe Vierling, Jeff Rissmann, or Peter Kerth. This Request is limited to responsive documents created between January 1, 2013 and the present date.

**Request No. 7**
Please produce a copy of all correspondence and other documents, including electronic communication, provided to or received from all individuals and/or entities working with, for, or on behalf of Magruder and any individual work [sic] with, for, or on behalf of Stephen Hamburg. This Request is limited to responsive documents created between January 1, 2013 and the present date.

**Request No. 8**
Please produce a copy of all correspondence and other documents, including electronic communication, provided to or received from all individuals and/or entities working with, for, or on behalf of Magruder and any individual work [sic] with, for, or on behalf of Generational Equity. This request is limited to responsive documents created between January 1, 2013 and the present date.

**Request No. 9**
Please produce a copy of all correspondence and other documents, including electronic communication, provided to or received from all individuals and/or entities working with, for, or on behalf of Magruder and any individual work [sic] with, for, or on behalf of Commerce Bank. This Request is limited to responsive documents created between January 1, 2013 and the present date.

argues that Gali is seeking discovery on a claim (nonpayment of wages and benefits) that was dismissed by the Court and thus irrelevant to the parties' claims and defenses. On May 15, 2019, the day discovery closed and some five months after receiving Magruder's responses, Gali filed a motion to compel.

Also on May 15, 2019, Magruder filed its motion for summary judgment on Count I of the Complaint and the First Claim for Relief in the Counterclaim and for partial summary judgment on Count II of the Complaint. (Doc. No. 28). In support of its motion, Magruder relies upon a series of email messages (Exhibit 7, Doc. No. 31-2)[3] which Gali alleges contain commentary between the parties to the BOA Lawsuit and their counsel regarding the Settlement Agreement as well as statements made by Gali and on his behalf through his attorney.

Then, on May 22, 2019, five months after the deadline for amending pleadings and one week after the close of discovery[4], Gali moved to amend his counterclaim to assert two new claims against Magruder - one for quantum meruit and one for unjust enrichment. In support of his motion, Gali states that through the course of discovery, he has learned and located additional

---

**Request No. 12**
Please produce copies of all e-mails to or from any Magruder employee, board member, officer and/or executive responding to the following Boolean searches (with capitalization of terms being irrelevant to results) applied to e-mails custodial files from January 1, 2013 to the present: "("Bank of America" OR "litigation" OR "claim" OR "lawsuit") AND ("Gali" OR "Ghali" OR "Philip")".

[3] According to Magruder, these e-mails include:

- A November 11, 2014 e-mail from Matthew Layfield, who represented the Note Holders, to Steve Hamburg, with undersigned counsel cc'd;
- A November 18, 2014 e-mail from Mr. Layfield to Mr. Hamburg, with undersigned counsel and Gali cc'd; and
- A December 14, 2014 e-mail from Mr. Hamburg to Daniel Janich, who was cocounsel for the ESOP Participants, with Mr. Layfield and Gali cc'd.

[4] Pursuant to the Court's Case Management Order issued on September 14, 2018, all motions for joinder of additional parties or amendment of pleadings shall be filed no later than December 5, 2018; all written discovery shall be completed no later than May 15, 2019. (Doc. No. 25).

information that better forms his claim for the work he performed for Magruder from August 11, 2014 through December 21, 2014. Magruder opposes the motion, arguing that Gali has not demonstrated good cause and that granting Gali leave to amend his counterclaim at this stage of the proceedings would unfairly prejudice it. In reply, Gali asserts that Magruder has frustrated his ability to secure evidence to support his claims for non-payment of wages by refusing to produce responsive documents in discovery, thereby contributing to the delay in his pleadings.

On June 2, 2019, Gali filed a motion to exclude evidence pursuant to Rule 37. Gali argues that because Magruder never produced the emails in Exhibit 7 before filing them as support for its summary judgment motion, Magruder should not be allowed to use them. Gali also seeks additional time to conduct discovery regarding the matters contained in Exhibit 7.

On June 5, 2019, Gali filed his response in opposition to Magruder's motion for summary judgment. (Doc. Nos. 48, 49, 50).

**Discussion**

Upon consideration, Gali's motion for leave to amend his counterclaim will be denied. The motion is clearly untimely as it was made five months after the deadline for amending pleadings. Although Gali states that through the course of discovery, he has learned and located additional information that better forms his claim for the work he performed for Magruder from August 11, 2014 through December 21, 2014, he does not specify what additional information was discovered or why he was previously unable to plead claims for quantum meruit and unjust enrichment. In fact, there was no need for additional discovery since all of these allegations were known to Gali well in advance of the case deadlines as evidenced by his responses to the discovery propounded on him by Magruder. Gali could have advanced these claims at any time.

Likewise, Gali's motion to compel will be denied as untimely. Pursuant to the Court's Case Management Order all written discovery was to be completed no later than May 15, 2019. (Doc. No. 25). The Case Management Order further provided that "[m]otions to compel shall be pursued in a diligent and timely manner." Gali propounded written discovery on Magruder on November 20, 2018. Magruder timely served its responses and objections on December 20, 2018, yet Gali waited until May 15, 2019 – the day discovery closed – to file a motion to compel.

That said, Magruder is clearly relying on material that was never disclosed to Gali in discovery. It is difficult to discern any prejudice to Gali because he knew of these settlement negotiations and the identities of the attorneys in the BOA lawsuit and was actually included on two of the emails. In any event, because Magruder is relying on these emails to support its motion for summary judgment, the Court finds that reopening discovery for a period of fourteen (14) days from the date of this Order is appropriate to allow Gali an opportunity to conduct some limited written discovery on the three emails at issue and the facts surrounding those emails. Following the expiration of the fourteen-day discovery period, Gali shall have seven (7) days to supplement his response to Magruder's summary judgment motion. Magruder shall then have seven (7) days to reply.

In light of these rulings, the Court will vacate the October 21, 2019 trial setting, pending its ruling on Magruder's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel [35] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Amend Counterclaim [40] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude Evidence [44] is **GRANTED in part** and **DENIED in part** in accordance with the rulings herein.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Reset Trial Setting and Amend/Modify Pretrial Deadlines [61] is **GRANTED in part**. The October 21, 2019 trial setting is **VACATED**, to be reset once the Court has ruled on Magruder's motion for summary judgment.

Dated this 25th day of September, 2019.

*/s/ John A. Ross*
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**