# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAGRUDER CONSTRUCTION CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-00286 JAR |
| ) | |
| PHILIP GALI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Magruder Construction Co., Inc. ("Magruder")'s Motion for Attorneys' Fees and Costs under ERISA. (Doc. No. 76). The motion is fully briefed and ready for disposition.

**Background**

The background of this case is set out in detail in the Court's March 30, 2020 Order and incorporated by reference herein. (Doc. No. 70). Briefly, Magruder filed this action against Defendant Philip Gali ("Gali") on February 20, 2018 seeking, among other things, a declaration of the rights and obligations of the parties in relation to the Settlement Agreement reached in December 2014 in a lawsuit brought in this Court against Magruder by Bank of America, N.A. ("BOA") alleging that Magruder had defaulted on a loan. See Bank of America, N.A. v. Magruder Construction Co., Inc., Case No. 4:14-CV-809 JAR (E.D. Mo.) (the "BOA Lawsuit"). Specifically, Magruder sought a declaration that it had no obligation to pay any deferred compensation, salary, or other benefits to Gali. Magruder also sought damages it incurred from Gali's breach of the

Settlement Agreement and an order enforcing the Agreement. Gali counterclaimed for benefits due under 29 U.S.C. § 1132(a)(1)(B) of ERISA.[1]

The Court granted summary judgment in favor of Magruder, finding that Gali had agreed to release his claim for deferred compensation by executing the Settlement Agreement in the BOA Lawsuit and that substantial evidence supported Magruder's decision to deny Gali's claim for benefits. The Court also granted partial summary judgment in favor of Magruder on its breach of contract claim, finding that Gali breached the terms of the Settlement Agreement by maintaining his demands and filing a counterclaim. The Court then directed the parties to submit supplemental briefing on the issue of Magruder's contract damages, including its attorneys' fees and costs, as authorized by the Settlement Agreement.

In conjunction with its briefing on the issue of its contract damages (Doc. No. 79), Magruder requests the Court award it its reasonable attorneys' fees and costs as the prevailing party pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). Magruder argues that should the Court find that certain fees and costs are not recoverable under the Settlement Agreement, the Court may award such legal expenses under ERISA. In this case, a claim for attorneys' fees under ERISA would overlap a claim for fees under the Settlement Agreement; Magruder is only entitled to a single recovery. Accordingly, the Court has considered both in its determination of Magruder's entitlement to fees.

Gali opposes the motion on the grounds that Magruder's claim for attorneys' fees is barred by the Settlement Agreement and is unreasonable. In further opposition, Gali argues that Magruder's claim for fees is inequitable under ERISA § 502(g)(1) because he has no ability to pay

---

[1] Gali's second claim for nonpayment of wages and benefits related to work he allegedly performed for Magruder between August 11, 2014 and December 30, 2014 was dismissed by the Court. (Doc. No. 26).

and because an award of fees would not deter others from acting given the confidential nature of the present litigation and the specific nature of the parties' disagreement.

**Discussion**

"In Missouri, attorney's fees are not recoverable from another party, except when allowed by contract or statute." Weitz Co. v. MH Washington, 631 F.3d 510, 528 (8th Cir. 2011). Here, the Settlement Agreement entered into by the parties authorizes recovery of costs, expenses and attorneys' fees to any party that retains counsel "to resolve any dispute hereunder, including but not limited to the institution of a lawsuit …"[2] (Settlement Agreement at ¶ 24). This Court previously determined that Gali breached the terms of the Settlement Agreement and granted partial summary judgment in favor of Magruder. In so doing, the Court also granted Magruder's request for attorneys' fees and costs. Therefore, the only remaining issue before the Court is to determine a reasonable award of attorney's fees and costs. The Court has wide discretion in making this determination. Safelite Grp., Inc. v. Rothman, 759 F. App'x 533, 535 (8th Cir. 2019) (quoting Rogers v. Kelly, 866 F.2d 997, 1001 (8th Cir. 1989)).

To determine the amount of a reasonable fee, the Court uses the "lodestar method," where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Abdullah v. County of St. Louis, Mo., No. 4:14CV1436 CDP, 2015 WL

---

[2] Paragraph 24 of the Settlement Agreement states as follows:

**Recovery of Costs, Expenses and Attorneys' Fees to Enforce Settlement Agreement**. In the event that it is necessary for any Party hereto, or its authorized representative, successor or assign, to hire an attorney to resolve any dispute hereunder, including but not limited to the institution of a lawsuit with respect to performance by either party of his/its/her obligations under this Agreement, the party which hired such an attorney and prevails shall be entitled to reimbursement for its full reasonable costs, expenses and attorneys' fees incurred.

(Doc. No. 31-1 at ¶ 24.)

5638064, *1 (E.D. Mo. Sept. 24, 2015) (citations omitted). The party seeking fees is responsible for providing evidence of hours worked and the rate claimed. Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003). The district court is required to exclude from the initial fee calculation hours that were not "reasonably expended," i.e., that are "excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

**Reasonable hourly rate**

In general, a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience and reputation. Safelite Grp., Inc. v. Rothman, No. CV 15-1878 (SRN/KMM), 2017 WL 3495768, at *6 (D. Minn. Aug. 11, 2017), aff'd, 759 F. App'x 533 (8th Cir. 2019). In determining a reasonable hourly rate, "district courts may rely on their own experience and knowledge of prevailing market rates." Id. (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)). The court should also consider:

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

Thornton v. Mainline Commc'ns, LLC, No. 4:12-CV-00479 SNLJ, 2016 WL 687844, at *1 (E.D. Mo. Feb. 19, 2016).

**Hours reasonably expended**

In addition to establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees has the burden of proving that the fees and costs taxed were reasonably necessary to achieve the result obtained. See Wheeler v. Missouri Highway & Transp. Com'n, 348 F.3d 744, 754 (8th Cir. 2003) (citing Hensley, 461 U.S. at 433, 434). The court reviews billing records submitted in

support of the fee request to determine whether the hours were reasonably incurred or if any of the hours were "excessive, redundant, or otherwise unnecessary." See Robinson v. Custom Tree & Lawn Service, Inc., No. 4:08-CV-992 CAS, 2010 WL 3399076, at *2 (E.D. Mo. Aug. 26, 2010).

Magruder seeks $139,976.00 in attorneys' fees. In support of its motion, Magruder submits the declaration of attorney David P. Niemeier detailing the hours spent on the case as well as the hourly rate range and his firm's billing records. (Doc. No. 79-1). Specifically, Magruder seeks between $355 to $400 per hour for attorney Niemeier's 325.6 hours of work; between $430 to $450 per hour for attorney Thomas H. Mug's 10.4 hours of work; between $420 and $445 per hour for attorney Kevin F. Hormuth's 0.4 hours of work; $345 per hour for attorney Molly R. Batsch's 0.6 hours of work; and between $300 and $380 per hour for attorney Heather M. Mehta's 33.3 hours of work. The total number of hours expended by Magruder's attorneys was 370.3. Magruder also seeks its additional attorneys' fees incurred in this case since April 16, 2020, which total $6,400.00.[3]

Gali does not object to the hourly rates, and the Court finds the requested rates are reasonable for attorneys in the St. Louis metropolitan area with comparable skills, experience and qualifications. See Hanig, 415 F.3d at 825 (authorizing district courts to rely on their own experience and knowledge of market rates when determining reasonable hourly rates). With respect to the number of hours expended, Gali argues that much of Magruder's counsel's time was spent consulting and advising the company's officers and employees as opposed to working directly on the file, and was necessitated by failure to produce documents timely in discovery. More to the point, however, Gali argues that Magruder's request for attorneys' fees is barred by

---

[3] This amount represents $400 per hour for attorney Niemeier's 16 hours of work spent reviewing Gali's opposition to Magruder's motion for fees and costs and preparing Magruder's reply memorandum. (Doc. No. 87-1).

the Settlement Agreement. Gali asserts that he "dropped the dispute" after his appeal of Magruder's decision rejecting his claim for benefits was denied, yet Magruder proceeded to file this action in violation of the Settlement Agreement.[4] In reply, Magruder disputes Gali's assertion and argues that by persisting in advancing his claim for benefits, Gali forced Magruder to expend its resources to litigate against his allegations.

Considering the history of litigation between these parties, dating back to the BOA Lawsuit in 2014, as well as the circumstances of this case, the Court believes an award of attorney's fees to Magruder under the terms of the Settlement Agreement is justified. Less than three years after signing the Settlement Agreement in the BOA Lawsuit releasing "any and all" claims against Magruder, Gali asserted a claim for benefits against Magruder and threatened to sue if his claim was denied. After Magruder filed the current action for declaratory judgment, Gali asserted counterclaims for ERISA benefits and nonpayment of wages and benefits. As noted above, the Court dismissed Gali's claim for nonpayment of wages and benefits and ruled in favor of Magruder on his ERISA claim. The Court further found that Gali breached the terms of the Settlement Agreement by maintaining his demands and filing a counterclaim.

That said, Magruder initiated this action; Gali may not have filed a lawsuit, despite his threats to the contrary. Thus, the Court finds and concludes that the substantial effort expended by

---

[4] Gali cites to Section 7 of the Settlement Agreement, which provides:

> **No Further Proceedings by the Parties**. The intention of the Parties is to fully, completely and forever settle, compromise, release and discharge all claims released herein against the other relating to or arising out of the Lawsuit, the Parties hereby promise that they will not by themselves, or in concert with others, maintain or cause to be maintained any demands, actions, lawsuits, arbitrations, or any other proceedings against the other in any capacity whatsoever as a result of or pertaining to the claims released and discharged herein.

(Doc. No. 31-1 at ¶ 7).

Magruder to establish its obligations under the Settlement Agreement could reasonably have been considerably less. It also appears to the Court that there was some additional unnecessary time spent by Magruder's counsel. Therefore, after review of the billing records and consideration of all the circumstances, the Court will reduce the lodestar amount of $146,376 ($139,976 + $6,400) by one-third. See, e.g., Hunter Eng'g Co. v. Hennessy Indus., Inc., No. 4:08 CV 465 DDN, 2010 WL 2628336, at *5 (E.D. Mo. June 25, 2010).

Magruder also seeks to recover $499.02 in costs comprised of the filing fee ($400); computer research of public records to locate Gali ($4.60); Federal Express charges relating to international service of Gali ($79.59); and courier service fees to deliver courtesy copies to chambers ($5.95 and $8.88). (See Doc. No. 79-1, Ex. A-1). With the exception of the $400 filing fee, such items have not been held to be taxable costs. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006); Lee ex rel. Lee v. Borders, No. 4:09CV1977 TIA, 2013 WL 1316985, at *3 (E.D. Mo. Mar. 29, 2013). However, courts in this circuit have held that such expenses, when reasonably incurred, are out-of-pocket expenses that are usually charged to clients by attorneys, and thus have awarded them as "attorneys fees." See Nelson v. Metro. Life Ins. Co., No. 07-2326, 2010 WL 153040 at *13 (D. Minn. Jan. 11, 2010). This Court likewise concludes that Magruder may claim these expenses as part of its "attorneys fees."

**Conclusion**

For these reasons, the Court finds Magruder is entitled to attorney's fees in the amount of $97,584 ($146,376 less one-third) and costs/expenses in the amount of $499.02, for a total award of $98,083.02. Because the Court finds that Magruder's fees and expenses are recoverable under the Settlement Agreement, the Court will deny Magruder's motion for fees and costs under ERISA as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Magruder's request for fees and costs under the Settlement Agreement is **GRANTED in part**. Magruder is awarded the amount of **$98,083.02**, as and for its attorneys' fees and costs.

**IT IS HEREBY ORDERED** that Defendant Philip Gali shall pay Plaintiff Magruder Construction Co., Inc., as reasonable attorneys' fees and out-of-pocket costs the sum of **$98,083.02**,

**IT IS FINALLY ORDERED** that Plaintiff Magruder Construction Co., Inc.'s Motion for Attorneys' Fees and Costs under ERISA [76] is **DENIED as moot**.

Dated this 6th day of August, 2020.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**